OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted summary judgment to appellees, Ronald J. and Patsy L. Burnard, and denied injunctive relief to appellant, Kathleen Hamburger, in this dispute regarding a masonry structure constructed on the right side of appellees' residence. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant sets forth the following seven assignments of error:
 "1. The trial court erred in determining there were not triable issues of fact presented by Ms. Hamburger, and the trial court erred in not using caution in protecting Ms. Hamburger's right to trial. (Opinion, pg. 10.)
 "2. The trial court erred in determining that the Burnards [sic] masonry structure in question was not a fence, and therefore does not violate the development deed restrictions. (Opinion, p. 6.)
 "3. The trial court was correct in determining that the Burnard's structure violated the Springfield Township zoning resolutions. But, the trial court erred in not recognizing that this violation was a very material fact, and as such was a triable issue of fact. (Opinion, pg. 7, 10.)
 "4. The trial court erred in ruling that R.C. 519.24
does not allow for a private cause of action for structures other than buildings. (Opinion, pg. 8.)
 "5. The trial court erred in their [sic] determination of damage to Ms. Hamburger. The court cannot deduct the full injury to Ms. Hamburger by looking at one photograph, and the court can not judge the aesthetic damage to Ms. Hamburger by looking at the Burnard's wall/structure on its own, and outside of the context of the other violations and injuries. (Opinion, pg. 9.)
 "6. The trial court erred in determining that even if Ms. Hamburger was especially damaged that an injunction would not necessarily be appropriate under only a partial review of a case discussing the balancing of injuries test. (Opinion, pg. 9, 10.)
 "7. The trial court erred in deducting that since the Burnards had some approvals for their structure (and hedge), that the approvals had been obtained properly, and were lawful under the Cavalear development deed restrictions and Springfield Township zoning resolutions. (Opinion, pg. 10.)"
In considering appellant's assignments of error and arguments in support thereof, this court reviewed the record of this cause, the relevant statutory and case law and applied this law. After doing so, we conclude that the well-reasoned opinion and judgment entry of the Honorable Frederick H. McDonald properly determines and correctly disposes of the material issues in this case. We therefore adopt the judgment of the trial court as our own. See Appendix A. Appellant's first, second, third, fourth, fifth, sixth and seventh assignments of error are found not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
 _______________________________ Melvin L. Resnick, J.
 _______________________________ Richard W. Knepper, J.
CONCUR.